IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARCH INSURANCE COMPANY,      *

     Plaintiff,              *

                                Civil Action No. RDB-17-3652

     v.                   *

U.S. SILICA COMPANY,        *

     Defendant.            *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## **MEMORANDUM OPINION**

Plaintiff Arch Insurance Company ("Plaintiff" or "Arch") of Jersey City, New Jersey brings this action against Defendant U.S. Silica Company ("Defendant" or "Silica") of Frederick, Maryland, alleging that the Defendant has failed to abide by its contractual obligations to document the transfer of its rights against a third party to the Plaintiff. (Am. Compl., ECF No. 15.) The jurisdiction of this Court is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Silica has filed a Motion to Dismiss the Amended Complaint, arguing, *inter alia*, that it has in fact executed an assignment of its rights to Arch. (ECF No. 16.) The submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). As explained in more detail below, the Plaintiff does not sufficiently allege that the executed assignment fails to satisfy Silica's contractual obligations. Accordingly, this Court GRANTS the Defendant's Motion to Dismiss (ECF No. 16) and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Arch shall be permitted to file a Second Amendment Complaint within 14 days. Failure to do so will result in a Dismissal WITH PREJUDICE.

# BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Arch Insurance Company ("Plaintiff" or "Arch") issues liability insurance policies. (Am. Compl., ECF No. 15 at ¶ 6.) Arch and Defendant U.S. Silica Company ("Defendant" or "Silica") entered into an insurance contract whereby Arch issued a primary commercial general liability policy to Silica as the named insured for September 1, 2013 through September 1, 2014 (the "Arch Policy"). (*Id.* at ¶¶ 7-8.) The Arch Policy included a $250,000 self-insured retention and up to $1,750,000 of liability insurance per occurrence against covered "bodily injury." (*Id.* at ¶ 10.) In addition, the Arch Policy contained "Commercial General Liability Conditions" which included:

> **2. Duties in the Event of Occurrence, Offense, Claim or Suit.**
> . . .
> c. You and any other involved insured must:
> . . .
> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

> **8. Transfer of Rights of Recovery Against Others to Us**
>
> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to use and help us enforce them.

(ECF No. 15-2.)

On or around November 26, 2008, Silica and a third party, Union Pacific, entered

into an Industry Track Agreement governing the use and operation of a particular railway track that runs through the Silica facility in Pacific, Missouri. (ECF No. 15 at ¶¶ 13-14.) Under Article 9 of the Industry Track Agreement, Union Pacific owes indemnity to Silica "from and against any and all claims for loss arising from or growing out of the negligent acts or omissions of the Railroad." (ECF No. 15-3.) On or about May 2, 2014, Kevin King, Jr. ("Mr. King") filed a complaint against Union Pacific, claiming that he suffered injuries as a result of Union Pacific's alleged negligence (the "King claim"). (ECF No. 15 at ¶¶ 20-21.) Mr. King subsequently amended his complaint, adding Silica as a defendant. (*Id.* at ¶ 23.)

In the summer of 2015, Union Pacific, Silica, Arch, and National Union Fire Insurance Company of Pennsylvania ("National Union")[1] negotiated toward a resolution of the King claim. (*Id.* at ¶ 24.) On or around August 24, 2015, the four parties entered into an agreement setting forth each of their assumed obligations in connection with the settlement efforts and respective positions regarding such obligations (the "Mediation Agreement"). (ECF No. 15-6.) This agreement provided that "$1,750,000 of any such settlement shall be paid by Arch on behalf of U.S. Silica above U.S. Silica's self-insured retention" and "U.S. Silica shall provide cooperation to Arch . . . in any post settlement proceeding pursued by Arch . . . against Union Pacific." (*Id.*) Ultimately, Arch paid $1,750,000 toward settling the King claim on behalf of U.S. Silica above U.S. Silica's self-insured retention, and Mr. King released all claims against Silica and Arch. (ECF No. 15 at ¶¶ 28-29.)

Since settling the King claim, Arch has initiated attempts to recover its payment from

---

[1] National Union Fire Insurance Company of Pennsylvania provided excess liability insurance to Silica in excess of Silica's retention and the Arch Policy. (ECF No. 15 at ¶ 24.) National Union is a subsidiary company and affiliate of AIG, or American International Group.

Union Pacific, including through informal negotiation and mediation. (ECF No. 15 at ¶¶ 30-31.) In these efforts, Arch has requested that—pursuant to the Arch Policy and Mediation Agreement—Silica document the transfer of its rights against Union Pacific to Arch, as may be required for Arch to formally initiate and pursue arbitration against Union Pacific. (*Id.* at ¶¶ 33-34.) On June 9, 2017, Arch sent Silica a proposed assignment of claim. (ECF No. 15-8.) The Amended Complaint asserts, however, that "[t]o date, Silica has refused to execute the proposed Assignment of Claim or to take *any action* to document the transfer of its rights against Union Pacific to Arch. (ECF No. 15 at ¶ 36) (emphasis added).

On December 8, 2017, Plaintiff Arch filed suit in this Court based on diversity jurisdiction under 28 U.S.C. § 1332,[2] asserting claims for breach of contract (Counts I, II), specific performance (Count III), and declaratory relief and judgment (Count IV). (Compl., ECF No. 1.) Plaintiff subsequently filed an Amended Complaint on February 6, 2018. (ECF No. 15.) On February 16, 2018, Defendant moved to dismiss the Amended Complaint. (ECF No. 16.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and

---

[2] Plaintiff Arch is a corporation organized and existing under the laws of Missouri with its principal place of business in New Jersey while Defendant Silica is a corporation organized and existing under the laws of Maryland with its principal place of business also in Maryland. (ECF No. 15 at ¶¶ 1-2.)

not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Plaintiff Arch alleges that Defendant Silica has breached both the Arch Policy and Mediation Agreement by failing to document the transfer of Silica's rights against Union Pacific to Arch. In its Motion to Dismiss the Amended Complaint, the Defendant argues that Silica has already agreed to provide, and has in fact executed, an assignment of its rights. (ECF No. 16-1.) Additional background information is necessary to understand the parties' contradictory positions.

In Arch's efforts to have Silica document its transfer of rights against Union Pacific, counsel for both Arch and Silica have exchanged draft written assignments. On June 9, 2017, Arch provided a proposed assignment to Silica. Silica asserts that when Arch did not answer its questions about the proposed assignment, Silica sent Arch a different proposed

assignment on August 29, 2017. In its Opposition to the Motion to Dismiss, Arch asserts

that Silica's August 29, 2017 proposed assignment "included terms that are superfluous to

Silica's obligations within the Arch Policy and the [Mediation] Agreement" and "provide[d]

Silica with benefits that are beyond those afforded by the contracts at issue." (ECF No. 17 at

4.)

On December 8, 2017, Plaintiff Arch filed the Original Complaint. (ECF No. 1.)

Arch attached to the Original Complaint a proposed Assignment of Claim between Silica

and Arch. (ECF No. 1-7.) One month later, on January 18, 2018, Silica provided Arch with

an executed copy of the Assignment of Claim that Arch had attached to its Complaint. Arch

asserts, however, that it attached the wrong proposed Assignment of Claim to the Original

Complaint. (ECF No. 17 at 5.) Specifically, Arch attached the August 29, 2017 assignment

that Silica proposed four months prior and that Arch rejected. (ECF No. 1-7.) When counsel

for Arch realized that the wrong proposed assignment had been attached to the Original

Complaint, Arch then sought, and received, consent by Silica to file an Amended Complaint

with the "proper" proposed Assignment of Claim. (ECF No. 15-8.)

Given Silica's execution of the August 29, 2017 Assignment of Claim, it argues that

the Amended Complaint fails to state a claim because the Amended Complaint alleges that

Silica has failed to "take any action to document the transfer of its rights against Union

Pacific."[3] (ECF No. 15 at ¶ 36.)  In response, Arch asserts that "Silica remains in material

breach of the Agreement and the Arch Policy as alleged in the Amended Complaint"

---

[3] The Defendant further asserts that the Mediation Agreement did not intend that Silica would assign any
rights to Arch, that Arch has not yet initiated proceedings against Union Pacific yet, and that Arch has failed
to allege that Silica even has a valid claim against Union Pacific to assign. (ECF No. 16-1.)

because Silica has not made a "proper" or "appropriate" assignment. (ECF No. 17 at 1.)

To avoid dismissal for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this Court must accept as true a complaint's factual allegations and draw reasonable inferences in the plaintiff's favor, this Court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. Neither the Amended Complaint nor the Plaintiff's Opposition to the Defendant's Motion to Dismiss explains why the August 29, 2017 Assignment of Claim does not fulfill Silica's obligations under the Arch Policy and Mediation Agreement. Rather, the Amended Complaint alleges that "[t]o date, Silica has refused to execute the proposed Assignment of Claim or to take *any action* to document the transfer of its rights against Union Pacific to Arch. (ECF No. 15 at ¶ 36) (emphasis added). The Opposition then summarily asserts that Silica has failed to provide a "proper" or "appropriate" assignment because the August 29, 2017 Assignment of Claim "provides Silica with benefits to which it is not entitled and which Arch has not agreed to provide" and therefore "does not comport with the duties set forth in the [Mediation] Agreement and Arch Policy." (ECF No. 17 at 4, 6, 15.) Therefore, while Arch asserts that Silica was aware that the August 29, 2017 assignment was not acceptable to Arch, it has not provided this Court with any indication of the inadequacy of the executed assignment. Accordingly, Plaintiff has failed to state a claim for breach of contract (Counts I, II), specific performance (Count III), and declaratory relief and judgment (Count IV).

Given, however, the unique circumstances surrounding this action, this Court will give the Plaintiff an opportunity to file a Second Amended Complaint to allege additional

facts that would support its claims.[4] *See Moussavi v. JPMorgan Chase Bank N.A.*, No. GJH-15-2094, 2016 WL 4442777, at \*7 (D. Md. Aug. 19, 2016) (dismissing three of the plaintiffs' claims without prejudice and ordering the plaintiffs to file an Amended Complaint within fourteen days or the dismissal would be with prejudice); *Hinks v. Bd. of Educ. of Harford Cty.*, No. WDQ-09-1672, 2010 WL 5087598, at \*2 (D. Md. Dec. 7, 2010) ("When a plaintiff's complaint fails to state a claim, he should generally be given a chance to amend the complaint ... before the action is dismissed with prejudice."). Therefore, Defendant's Motion to Dismiss (ECF No. 16) is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 16) is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

A separate Order follows.

Dated:        September 24, 2018                         /s/

Richard D. Bennett
United States District Judge

---

[4] The Plaintiff has requested that "to the extent the Court perceives any technical flaw in pleading, it is respectfully requested that leave be granted to amend the Amended Complaint to correct any such flaw." (ECF No. 17-1 at 17.)